## WILKIN *v.* COVEL.

(*Circuit Court, N. D. Illinois.* July 7, 1891.)

PATENTS FOR INVENTIONS—NOVELTY—CONSTRUCTION OF CLAIM.

Letters patent No. 259,068 granted June 6, 1882, to Theodore S. Wilkin, for an improvement in machines for stretching saws, are void for want of novelty in the device therein described as a whole, and the claim cannot be limited to the convex or crowned rolls used therein, which are nowhere mentioned in the claims or specifications, though shown in the drawings.

In Equity.

*W. G. Rainey,* for complainant.

*Peirce & Fisher,* for defendant.

GRESHAM, J. Letters patent No. 259,068, for an "improvement in machines for stretching saws," were granted to the complainant June 6, 1882, and this suit was brought against the defendant for infringement. The machine and its mode of operation are thus described in the specifications:

"Saws of the class above named are usually hung, as shown, by strap, J, and hook, K, on saw, L, in Fig. 2, on a line very near the cutting edge of the saw. Therefore, when strained ready for labor, the greatest strain comes on a line with the hook, K, and strap, J, in Fig. 2, and very near the cutting edge of the saw, and by this constant straining on the front or cutting-edge of the saw the metal gradually yields to the strain, and soon becomes longer on the edge than on the back of the saw. Consequently it becomes weak, and in a short time fails to perform the labor required of it. To obviate this, my invention is particularly adapted, for by placing the back of the saw, L, as shown in Fig. 2, between the rollers, B, B', (shown in Fig. 1,) and turning the wheel, G, and by it the screw, *f*, the cross-head, C, is caused to slide on the ways, *e, e,* and thereby compress the saw between the rollers, B, B'. The mechanism is such that, by turning the crank-arm, *h*, the cog-wheel, *i'*, and the roller, B', are revolved, the upper cog-wheel, *i'*, coming in contact with the lower cog-wheel, *i*, causing the shaft, *d*, and roller, B, to revolve in an opposite direction, whereby the saw, L, is caused to move in a direction with the rollers, B, B'. The saw being compressed while passing between the rollers, B, B', and keeping the pressure nearer the back than the cutting edge, the saw is drawn out on the back, or stretched until the back becomes longer than the cutting edge of the saw. Therefore, when the saw is strained for labor in a sash or gate, the cutting-edge receives a greater tension than the back; thus enabling the saw to perform a greater amount of and much better work. * * * A represents the frame, *d, d'*, two shafts, upon which are fixed rollers, B, B', and cog-wheels, *i, i'*, and crank-arm, *h*. The upper shaft, *d'*, is mounted on cross-head, C, which is made to slide on ways, *e, e,* by means of the wheel, G, and the screw, *f*, thus adjusting upper roll, B'. The shaft, *d*, is mounted in frame, A, the cog-wheel, *i*, coming in contact with the cog-wheel, *i'*, so that when the shaft, *d'*, is made to revolve by means of the crank-arm, *h*, or other suitable power, the lower shaft, *d*, is made to revolve in an opposite direction from that of upper shaft, *d'*."

The single claim reads:

"The improved machine herein described and shown for stretching saws, consisting essentially of the frame, A, the rolls, B, B', the gears and crank

for operating the rolls, the cross-head, C, and the screw, *f*, substantially as specified."

All the elements of the claim are old. The prior art shows a frame, rolls, gears, crank, cross-head, and screw in a single machine, and, if the patent is construed broadly, it describes a device which any skilled mechanic, familiar with the prior art, might have made. The complainant's counsel, however, insists that the language of the specifications, read in connection with the drawings, shows that the claim was allowed for convex or crowned rolls, which are unlike anything found in the same combination in the prior art, and that, thus limited, the patent is valid. It will be observed that neither the specifications nor the claim describe or speak of rolls with convex or crowned surfaces. The specifications do not say that the invention consists in the use of convex rolls, or rolls of any specific construction. Such rolls are not mentioned as part of the invention. The drawings do show rolls with convex surfaces, but that of itself is not sufficient to justify the court in limiting the claim in order to save the patent. In describing his invention, the complainant did not make convex rolls a distinctive feature of it, and he pointed out no advantage to be derived from the use of that particular form of rolls. The patent must be construed broadly for a machine containing the parts mentioned in the claim, regardless of their specific construction, or so as to limit it to the precise construction of parts shown in the specifications. If it can be limited to the precise shape of the rolls illustrated in the drawings, and not otherwise described, it can be limited to the precise shape of all the other parts of the combination so illustrated, and thus limited it is not infringed. Aside from the drawings, there is nothing in the patent which shows the invention is to be found in the form of the rolls, any more than in the form of the other parts covered by the claim. Specifications, which do not clearly describe an invention, may be aided by the drawings, but, if the invention is not described or alluded to in the specifications, the drawings which illustrate it will avail nothing. If there was patentable invention in substituting convex or crowned rolls for flat-faced rolls with beveled edges found in the prior art, the complainant failed to comply with the statute (section 4888) by making a written description of his invention. He failed to particularly point out and distinctly claim the improvement or combination which he now says constitutes his invention. The bill is dismissed for want of equity.